Filed 7/23/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT WAYNE CUNNINGHAM,<br><br>    Defendant and Appellant. | 2d Crim. No. B323640<br>(Super. Ct. No. CR37135)<br>(Ventura County)<br><br>OPINION ON TRANSFER<br>FROM SUPREME COURT |

 This matter is before us on transfer from our Supreme Court for reconsideration in light of *People v. Antonelli* (2025) 17 Cal.5th 719 (*Antonelli*), which resolved a conflict among the Courts of Appeal concerning provocative act murder convictions occurring before 2009, as well as the necessity of considering jury instructions when a defendant petitions for resentencing pursuant to Penal Code section 1172.6.[1]  In accordance with the direction of the Supreme Court, we vacated our earlier decision and permitted supplemental briefing from the parties.

---

[1] All further statutory references are to the Penal Code.

In 1997, Robert Wayne Cunningham was convicted by jury of provocative act murder, among other offenses, as a result of a 1995 shootout with the police. In 2021, he sought sentencing relief pursuant to section 1172.6. The trial court denied his petition at the prima facie stage because he was convicted of murder, and the only theory of murder on which the jury was instructed was provocative act murder. The trial court concluded appellant was ineligible for relief as a matter of law. Appellant contends provocative murder is based upon the imputation of malice and any such imputation is now barred by newly enacted section 188, subdivision (a)(3). We rejected this contention in our prior opinion, which we vacated. (*People v. Cunningham* (2024) 101 Cal.App.5th 678.)

Having reconsidered the matter in light of *Antonelli*, we again conclude the trial court correctly denied appellant's petition for resentencing because the jury instructions, viewed together with the verdict of first degree murder, establish that the jury necessarily found appellant acted with personal malice, rendering him ineligible for section 1172.6 relief as a matter of law. Accordingly, we affirm.

*Facts*

Only a brief recitation of the facts is necessary to bring this appeal into focus. Appellant and his cohort, Daniel Soly, were suspected of committing a series of armed robberies. The police had them under surveillance. The police followed appellant and Soly to a liquor store. After appellant and Soly committed a robbery at the liquor store, they were unable to escape because police had blocked their car's movement. Appellant stood up through the open roof of the car and started shooting at the police. They returned gun fire killing Soly and wounding

2

appellant.  At least one police officer was wounded in the gun battle.

*Procedural Background*

Following a jury trial, appellant was convicted of one count of special-circumstance murder (§§ 187, subd. (a), 190.2, subd. (a)(17)), three counts of attempted murder of peace officers without premeditation (§§ 664, 187, subd. (a)), two counts of robbery (§ 211), one count of commercial burglary (§ 459), and one count of conspiracy to commit robbery (§ 182(1)).  As to these counts, the jury found true a personal firearm use allegation.  (§ 12022.5, subd. (a).)  Appellant was sentenced to state prison for life without the possibility of parole.  Consecutive determinate sentences were also imposed.  We affirmed appellant's conviction in an unpublished opinion.  (*People v. Cunningham* (Oct. 21, 1999, B111504) [nonpub. opn.].)

In 2021, appellant filed a petition for resentencing pursuant to section 1172.6.  After appointing counsel and permitting briefing, the trial court denied the petition without issuing an order to show cause.

After we issued an opinion affirming the trial court's judgment, appellant petitioned for review and the petition was granted.

On June 25, 2025, our Supreme Court transferred the matter to this court with directions to vacate our prior opinion and reconsider the cause in light of *Antonelli*, *supra*, 17 Cal.5th 719.

*Senate Bill Nos. 1437 and 775*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) amended the felony murder rule and the natural and probable consequences doctrine, "to ensure that murder liability

3

is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

To that end, Senate Bill 1437 amended section 188 by adding a requirement that, when the felony-murder rule does not apply, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Senate Bill 1437 also enacted section 1172.6, which created a procedural mechanism for defendants who could not be convicted of murder or attempted murder under the amended laws to seek retroactive relief. (§ 1172.6, subd. (a)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1172.6 to expand eligibility for resentencing to include not only those "convicted of felony murder or murder under the natural and probable consequences doctrine," but also those convicted of murder on any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a), as amended by Stats. 2021, ch. 551, § 2.) The amended statute also expanded the categories of offenses eligible for relief to include attempted murder and manslaughter. (*Ibid.*)

In determining whether a petitioner has made a prima facie showing for relief, the court ""takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. . . .""" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court may also rely on the record of

4

conviction, including jury instructions and verdict forms. "'[T]he record of conviction will necessarily inform the trial court's prima facie inquiry . . ., allowing the court to distinguish petitions with potential merit from those that are clearly meritless.'" (*Antonelli, supra*, 17 Cal.5th at p. 731.) "'If the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Lewis, supra*, 11 Cal.5th at p. 971.)

We independently review the trial court's determination that a petitioner failed to make a prima facie case for relief. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

*The Record of Conviction Conclusively Establishes*
*Appellant is Ineligible for Relief*

In his supplemental brief, appellant contends *Antonelli* compels remand because the jury "could have imputed malice to [him as] a nonprovocateur defendant in a provocative act murder prosecution" that occurred before *People v. Concha* (2009) 47 Cal.4th 653 (*Concha*). As we shall explain, appellant is ineligible for relief because the record of conviction establishes that he was convicted as an actual provocateur who acted with personal malice.

The provocative act doctrine provides that a defendant may be held liable for murder when a killing is committed by someone other than the defendant or an accomplice, such as the crime victim or a police officer, during the commission of a crime. (*Antonelli, supra*, 17 Cal.5th at p. 727.) This species of murder liability has been the law in California since the 1960s (see, e.g., *People v. Gilbert* (1965) 63 Cal.2d 690, 704-705, reversed on other grounds in *Gilbert v. California* (1967) 388 U.S. 263).

5

In *Antonelli*, our Supreme Court held that for a nonprovocateur defendant to be convicted of provocative act murder, the nonprovocateur defendant must personally harbor malice. (*Antonelli, supra*, 17 Cal.5th at pp. 727-731.) In so holding, the Court explained that prior to its decision in *Concha, supra*, 47 Cal.4th 653, caselaw on provocative act murder "'imposed culpability on all perpetrators of the underlying crime so long as the provocateur acted with malice, and did so in furtherance of the common criminal design,' provided that the deceased was not the sole provocateur." (*Antonelli*, at p. 730, quoting *People v. Lee* (2023) 95 Cal.App.5th 1164, 1182 (*Lee*), citing cases.) Because "a jury could have imputed malice to a nonprovocateur defendant" under pre-*Concha* precedent, such a defendant was not "categorically ineligible for section 1172.6 relief." (*Antonelli*, at p. 731.)

But the 2009 change in the law pertaining to a nonprovocateur defendant after *Concha* has no bearing on the provocative act doctrine when the defendant is the provocateur because in such a case, the defendant must personally act with malice. (See *People v. Flores* (2023) 96 Cal.App.5th 1164, 1172 ["the law has always required a defendant who committed a provocative act personally harbor malice and still does"]; *Lee, supra*, 95 Cal.App.5th at p. 1177 [explaining that "provocative act murder, unlike felony murder, requires proof of malice aforethought" on the part of the provocateur]; *Antonelli, supra*, 17 Cal.5th at p. 730 [prior to *Concha*, all perpetrators of underlying crime liable for murder "'so long as the provocateur acted with malice'"].)

Further, since at least 1975, the law has provided that when the deceased is the sole provocateur, his nonprovocateur

6

accomplice cannot be liable for murder because "the provocateur did not cause the death of another but only his own death." (See *Antonelli, supra,* 17 Cal.5th at p. 727, citing *People v. Antick* (1975) 15 Cal.3d 79, 91 [so indicating].) Thus, when the person killed was the defendant's sole accomplice, the only way the defendant can be found guilty of provocative murder under the provocative act doctrine is if the defendant was an actual provocateur who acted with personal malice. Such is the case here.

In assessing section 1172.6 petitions from individuals convicted following jury trials, our Supreme Court has explained that "jury instructions will be critical." (*Antonelli, supra,* 17 Cal.5th at p. 731.) The jury in this case was given a modified version of CALJIC No. 8.12,[2] which required it to find

_____

2 The instruction provided: "Defendant is accused in Count 1 of the indictment of having committed the crime of murder, a violation of Penal Code section 187. [¶] A homicide committed during the commission of a crime by a person who is not a perpetrator of such crime, in response to an intentional provocative act by a perpetrator of the crime other than the deceased perpetrator, is considered in law to be an unlawful killing by the surviving perpetrator of the crime.

"An 'intentional provocative act is defined as follows: [¶] 1. The act was intentional, [¶] 2. The natural consequences of the act were dangerous to human life, [¶] 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for human life, [¶] 4. The act was above and beyond the act required for the commission of the crime of robbery, and [¶] 5. The act was not in self defense.

"In order to prove this crime, each of the following elements must be proved: [¶] 1. The crime of robbery was committed; [¶] 2. During the commission of the crime, the defendant also committed an intentional provocative act; [¶] 3. A peace officer in

7

appellant—not any accomplice—personally committed an intentional provocative act during the commission of a robbery. The instruction defined an "intentional provocative act" as one that was "deliberatively performed with knowledge of the danger to, and with conscious disregard for human life." This definition mirrors the definition of implied malice. (See *People v. Gonzalez* (2012) 54 Cal.4th 643, 655 ["Malice will be implied if the defendant commits a provocative act knowing that this conduct endangers human life and acts with conscious disregard of the danger"].) Based on the language of CALJIC 8.12 as given, the jury's verdict of first degree murder establishes that it necessarily found appellant personally committed an intentional provocative act with implied malice. (See *Antonelli, supra,* 17 Cal.5th at p. 731 [section 1172.6 eligibility turns on both the governing law at the time of trial and the record of conviction, including the jury instructions].) Thus, malice was not imputed to him based solely on his participation in a crime. (See § 1172.6, subd. (a).)

Appellant also contends that he could have been convicted under a natural and probable consequences theory. Although the prosecutor argued that appellant started "the ball rolling" and started "a snowball down [the] hill" when he initiated the gun battle, the statute does not preclude the prosecutor's argument. It is the instructions given that inform the jury's verdict.

---

response to the provocative act, killed a perpetrator of the crime of robbery; [¶] 4. The defendant's commission of the intentional provocative act was a cause of the death of Daniel Soly.

"Murder which occurs during the commission or attempt to commit the crime of robbery when there was in the mind of the perpetrators of such crime, the specific intent to commit robbery, is murder of the first degree."

Because the only viable theory of liability was based on appellant's personally committing a provocative act with malice and the instructions required the jury to so find, he is precluded from section 1172.6 relief. Contrary to appellant's contention, *Antonelli* does not compel a different result.

*Disposition*

The judgment (order denying sentencing relief) is affirmed.

CERTIFIED FOR PUBLICATION.

YEGAN, J.

We concur:

GILBERT, P. J.

CODY, J.

9

David R. Worley, Judge

Superior Court County of Ventura

_____

Susan Wolk, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, Michael C. Keller, Yun K. Lee, and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.